IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 2:06-cr-00165-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CONNELL NOVELL SHEPPARD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Connell Novell Sheppard's *pro se* motion to enforce the plea agreement he signed with the United States government. For the reasons set forth below, the court denies Sheppard's motion.

## I.  BACKGROUND

On July 27, 2006, Sheppard pled guilty to one count of possession of a firearm by a felon, and one count of possession of a firearm with an obliterated serial number. Guilty Plea, ECF No. 40. He entered his plea pursuant to the terms of a plea agreement that he, his attorney, and the assistant federal prosecutor in charge of his case had all signed (the Agreement). Agreement, ECF No. 38. The Agreement described the maximum possible sentences that Sheppard faced, including ten years for the felon in possession charge and three years for the obliterated serial number charge. Id. at 2. The Agreement also contained a provision in which the government agreed to move for a downward departure or reduction in Sheppard's sentence if Sheppard provided substantial assistance to the government. Id. ¶ 9. After Sheppard pled guilty, the court sentenced him to a prison term of eighty-four months. Judgment, ECF No. 84.

1

Sheppard, appearing *pro se*, filed the instant motion on October 31, 2008.  Def.'s Mot. to Enforce Plea Agreement, ECF No. 56.  The government opposed the motion on October 9, 2011, and Sheppard's former attorney, an assistant federal public defender, filed a letter regarding the motion on December 21, 2011.  Pl.'s Opp'n to Mot. to Enforce Plea Agreement, ECF No. 61; Letter from J. Robert Haley, Dec. 21, 2011, ECF No. 62.

## II.  STANDARDS

Federal district courts are charged with liberally construing motions filed by *pro se* litigants to allow the development of a potentially meritorious claim.  See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); United States v. Cline, No. 08-cr-00322, 2013 WL 1347718, at *1 (D.S.C. Apr. 3, 2008).  Motions filed by *pro se* litigants are held to a less stringent standard than those drafted by attorneys.  Cline, 2013 WL 1347718, at *1.

## III.  DISCUSSION

Sheppard contends that his wife has attempted to cooperate with federal authorities on his behalf, but that the federal agents she has contacted have not provided her the opportunity to do so.  Def.'s Mot. 1.  Sheppard asserts that this is a violation of the Agreement and asks the court to reduce his sentence accordingly.  Id.

The Agreement states that "The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in the case."  Id. ¶ 4.  The Agreement continues:

> In the event that the Defendant fails to comply with any provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendants will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

Id. at ¶ 5.  It is well settled that, when a plea agreement gives the government the discretion to seek assistance from a criminal defendant, it is permissible for the government to *not* seek assistance, so long as its failure to do so is not based on unconstitutional motives.  U.S. v. Lockhart, 58 F.3d 86, 88 (4th Cir. 1995).  In this case, the Agreement is silent on whether the government must provide Sheppard with an opportunity to cooperate with federal agents.  It explicitly grants the government sole discretion to deem any cooperation as "substantial assistance" and to file a motion for a reduction in Sheppard's sentence.  Agreement ¶ 9.  The government argues that these provisions must be interpreted as allowing the government to unilaterally determine whether to allow Sheppard the opportunity to cooperate.  Pl.'s Opp'n 2-3.

      The court need not reach the issue of whether the Agreement, as written, allows the government to dictate whether Sheppard is given the opportunity to cooperate.  Sheppard has himself breached the Agreement, rendering the Agreement void.  It is for this reason that Sheppard's motion fails.

      In November 2006, Sheppard was arrested for violations of the conditions of his supervised release and his bond was revoked.  See Order for Issuance of Arrest Warrant, ECF No. 52; Bond Violation Hr'g, ECF No. 54.  Sheppard's bond violations constitute violation of the Agreement.  See Agreement ¶¶ 4-5 ("[T]he obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's . . . complying with the terms and conditions of any bond executed in the case. . . . In the event that [Sheppard] fails to comply with any provisions of this Agreement, . . . the Government will have the right . . . to void all of its obligations under this Agreement.")  Because Sheppard breached the Agreement, the government need not move for a

3

reduction in Sheppard's sentence, nor undertake any other obligation imposed by the Agreement.

## IV.   CONCLUSION

Based on the foregoing, the court **DENIES** Sheppard's motion to enforce the plea agreement, ECF No. 56.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 16, 2013**
**Charleston, South Carolina**